# Ex. 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San José Division)

| | |
|---|---|
| DYLAN CAMARLINGHI, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>Defendants. | Case No. 21-cv-03020-EJD (LB)<br><br>**CLASS SETTLEMENT AGREEMENT AND GENERAL RELEASE** |

Named Plaintiff Dylan Camarlinghi, on behalf of the Settlement Class, as defined below (the Named Plaintiff and Settlement Class Members collectively shall be referred to as the "Plaintiffs"), and Defendant County of Santa Clara (the "County") (the Plaintiffs and the County together, the "Parties"), by and through their respective counsel, agree and stipulate as follows:

**1.0 DEFINITIONS**

1.1 "Action" means the above-captioned matter, Case No. 21-cv-03020, pending in the United States District Court for the Northern District of California.

1.2 "Claim Form" means the form which Class Members must submit in order to qualify to receive payment from the Settlement Fund.

1.3 "Claims Period" means the period during which Class Members may submit a Claim Form, which begins at the time the Court enters its Final Approval Order and ends at midnight 270 calendar days after entry of the Final Approval Order. Valid claims submitted

before the commencement of the Claims Period shall be deemed timely and processed after entry of the Final Approval Order. No payment shall be made to Class Members until the Court enters the Final Approval Order. The Claims Period may be extended by either Party for a period not to exceed 365 calendar days after entry of the Final Approval Order. The Claims Period may be further extended by written agreement of the Parties.

1.4 "Class Counsel" means Akeeb Dami Animashaun, Rachel Lederman (Alexis C. Beach and Rachel Lederman, Attorneys), Lucy Bansal (Justice Catalyst Law), and Janet Herold (Justice Catalyst Law).

1.5 "Class Notice" means the written notice to the Settlement Class, which shall include the general terms of the Settlement Agreement; the date by which any objections to, or notices to opt-out from, the Settlement Agreement must be filed in this Court; and the date of the Final Approval Hearing. The Class Notice shall conform to all applicable requirements of the Federal Rules of Civil Procedure, the Northern District of California's Procedural Guidance for Class Action Settlements, due process, any other applicable law, and shall otherwise be in the manner and form approved by this Court.

1.6 "County Released Parties" means the County, its Board of Supervisors, and all County elected officials, agents, appointees, employees, independent contractors, representatives, departments, agencies, boards, commissions, insurers, sureties, successors, assigns, transferees, and attorneys.

1.7 "DA" or "Santa Clara DA" means the County of Santa Clara Office of the District Attorney.

1.8 "Decline prosecution" or "declined prosecution" means the act of the County of Santa Clara Office of the District Attorney entering its final decision to not file any charges against an arrestee into the County's Criminal Justice Information Control (CJIC) system.

1.9 "Effective Date" means the date on which the time to take all possible appeals has expired, and the Final Judgment is final and not appealable.

//

1.10 "Final Approval Hearing" means the hearing at which this Court will make a final determination as to whether the terms of the Settlement Agreement are fair, reasonable, adequate, and whether they will be approved by this Court.

1.11 "Final Approval Order" means the order of this Court entering final approval of the Settlement Agreement as fair, reasonable, and adequate.

1.12 "Jail" means the Elmwood Correctional Facility and/or the Main Jail Complex, used by the County of Santa Clara Office of the Sheriff to detain individuals in custody.

1.13 "Named Plaintiff" means Dylan Camarlinghi.

1.14 "Notice Date" means the date upon which Class Notice is mailed by the Settlement Administrator to Settlement Class Members.

1.15 "Objection Date" means the deadline for any Class Member to file and serve written objections to the Settlement, which is 60 calendar days after the Notice Date.

1.16 "Opt-Out Deadline" means the deadline for any Class Member to file and serve a written request for exclusion from the Settlement, which is 60 calendar days after the Notice Date.

1.17 "Plaintiffs" means Named Plaintiff Dylan Camarlinghi and Settlement Class Members, as defined below.

1.18 "Preliminary Approval Date" means the date the Court enters the Preliminary Approval Order.

1.19 "Preliminary Approval Order" means the order of this Court preliminarily approving this Settlement Agreement, approving the Class Notice, and certifying a provisional Settlement Class.

1.20 "Settlement" or "Settlement Agreement" means the agreement by Plaintiffs and the County to resolve the Action, the terms of which have been memorialized in this Settlement Agreement.

//

//

1.21 "Settlement Administrator" means the qualified party to be selected by the Plaintiffs and designated in the Preliminary Approval Order to administer the Settlement Fund.

1.22 "Settlement Class" includes two Subclasses:

1.22.1 "Settlement Subclass I" means all persons (i) detained at the Jail from 12 to up to 24 hours after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018 and April 26, 2021.

1.22.2 "Settlement Subclass II" means all persons (i) detained at the Jail for 24 hours or longer after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018 and April 26, 2021.

1.22.3 Excluded from the Settlement Class are individuals who meet the criteria of either subclass in subparagraphs 1.22.1 or 1.22.2, above, but timely elect to opt out of or exclude themselves from the Settlement Class by the Opt-Out Deadline. The remaining individuals who do not opt out or exclude themselves from the Settlement Class become the "Eligible Settlement Class Members."

1.23 "Settlement Class Members" or "Class Members" means all persons in the Settlement Class.

1.24 "Settlement Fund" means the qualified settlement account at a federally insured financial institution in which the Settlement Sum shall be placed.

1.25 "Settlement Sum" means $2,375,000.00, which includes all payments to Class Members; settlement administration and notice costs; attorney's fees and costs; and Named Plaintiff Incentive Award.

//

//

**2.0 RECITALS**

WHEREAS, Named Plaintiff, on behalf of himself and others similarly situated, filed the above-captioned class action lawsuit against the County on April 26, 2021, alleging that the County violated the Fourteenth Amendment to the United States Constitution by failing to release him and others within a reasonable period of time after the DA declined to prosecute them;

WHEREAS, the County denies any and all wrongdoing or liability of any kind for any conduct alleged in this Action;

WHEREAS, the Parties and their counsel have conducted a thorough examination and investigation of the facts and law relating to the matters at issue in the Action;

WHEREAS, with the assistance of the assigned federal Magistrate Judge, the Honorable Laurel Beeler, the Parties have concluded that settlement is desirable in order to avoid the time, expense, and inherent uncertainties of protracted litigation and to resolve finally and completely all pending and potential claims asserted or that could have been asserted in this Action;

WHEREAS, the Parties, desiring to resolve this case without protracted litigation, met and conferred on May 19, 2021, June 21, 2021, July 15, 2021, December 21, 2021, and January 14, 2022; and the Parties agreed to attend an early settlement conference to work toward a resolution to this matter;

WHEREAS, on October 26, 2021, January 13, 2022, and January 25, 2022, the Parties attended formal settlement conferences with Magistrate Judge Laurel Beeler and, after extensive arms-length negotiations, reached a settlement agreement on January 25, 2022;

WHEREAS, at the settlement conference on January 25, 2022 ("Settlement Conference"), the settlement agreement was read into the record, confirmed by the Parties and their counsel (Docket No. 57), and subsequent negotiations have taken place between the Parties to implement the settlement agreement that was read into the record, and, as a result, this Settlement Agreement has been reached;

WHEREAS, Named Plaintiff and Class Counsel believe that this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Settlement Class;

//

NOW, THEREFORE, the Parties, in consideration of the mutual promises, agreements, and covenants contained in this Settlement Agreement, the sufficiency and receipt of which are hereby acknowledged, and in further consideration of Plaintiff's reliance upon the good faith representations and submissions made to it by the County, the Parties, intending to be legally bound, agree to the terms and conditions below.

**3.0 SETTLEMENT TERMS**

3.1 **Preliminary Certification of the Settlement Class**

3.1.1 The Parties stipulate, for settlement purposes only, to the certification of the Settlement Class, which includes two subclasses, defined herein as follows:

3.1.1.1 Settlement Subclass I: All persons (i) detained at the Jail from 12 to up to 24 hours after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018 and April 26, 2021.

3.1.1.2 Settlement Subclass II: All persons (i) detained at the Jail for 24 hours or longer after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018 and April 26, 2021.

3.1.2 Named Plaintiff Dylan Camarlinghi is the class representative for the Settlement Class, including Settlement Subclass I and Settlement Subclass II.

3.1.3 Excluded from the Settlement Class are the following: All persons who meet the criteria of either Settlement Subclass in subparagraphs 3.1.1.1 or 3.1.1.2, above, but have timely elected to opt out of or exclude themselves from the Settlement Class by the Opt-Out Deadline.

3.1.4 Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the County stipulates that this Court may enter an Order preliminarily certifying the Settlement Class, appointing Named Plaintiff as

representative of the Settlement Class, and appointing the following as Class Counsel for the Settlement Class:

Akeeb Dami Animashaun, Esq.
14 Wall Street, Suite 1603
New York, NY 10005
929.266.3971
animashaun@pm.me

Lucy Brierly Bansal
Janet Herold
JUSTICE CATALYST LAW
40 Rector Street, Floor 9
New York, NY 10006
518.732.6703
lbansal@justicecatalyst.org
jherold@justicecatalyst.org

Rachel Lederman, SBN 130192
ALEXIS C. BEACH & RACHEL LEDERMAN ATTORNEYS
P.O. Box 40339
San Francisco, CA 94140-0339
415.282.9300
rachel@sfbla.com

3.1.5 Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate that the following shall be appointed as Claims Administrator: American Legal Claim Services, LLC.

3.1.6 Solely for purposes of implementing this Settlement Agreement and effectuating the Settlement, the County stipulates that the Settlement Class satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of Federal Rule of Civil Procedure 23(a) and 23(b)(3).

3.2 **Settlement Fund and Distribution**

3.2.1 The County shall be responsible for the funding of the Settlement Fund in the amount of $2,375,000.00. The Settlement Fund will be used for payment of the following: (i) the notice and administration costs actually incurred by the Settlement Administrator, as described in Paragraph 3.2.3, including 3.2.3.1; (ii) the Incentive Award to Named Plaintiff, as described in Paragraph 3.2.3, including 3.2.3.2; (iii) all Attorney's Fees and Costs, as described in Paragraph 3.2.3, including

3.2.3.3; and (iv) all valid claims of Settlement Class Members, as described in Paragraphs 3.2.4 and 3.2.5, including 3.2.5.1 and 3.2.5.2.

3.2.2 Settlement Fund. Within 5 calendar days of the Preliminary Approval Date, Class Counsel or the Settlement Administrator will establish the Settlement Fund pursuant to the Preliminary Approval Order. Within 14 calendar days of the Preliminary Approval Date, the County will deliver to Class Counsel the Settlement Sum for deposit into the Settlement Fund, which shall be maintained and administered by the Settlement Administrator. The County may issue Form 1099 paperwork or other reporting paperwork for this payment.

3.2.3 Settlement Administration Costs, Named Plaintiff Incentive Award, and Attorney's Fees. $395,000.00 of the Settlement Fund will be allocated to settlement administration costs, Named Plaintiff's incentive award, and attorney's fees and litigation costs.

3.2.3.1 Notice and Settlement Costs. All costs associated with the Class Notice and administering the Settlement and the Settlement Fund, not to exceed $50,000.00, including all costs and fees incurred by the Settlement Administrator and any third party engaged to assist with settlement administration, will be paid out of the Settlement Fund on an as-accrued basis following the Preliminary Approval Date, provided the Settlement Administrator provides an accounting of such costs and fees to the Parties on an as-accrued basis.

3.2.3.2 Named Plaintiff's Incentive Award. Class Counsel will petition the Court for approval of an incentive award for Named Plaintiff in the amount of $20,000.00. The County will not oppose the request for this Incentive Award. Named Plaintiff may make additional claims on the Settlement Fund consistent with the claims allowed to other Settlement Class Members as detailed in Paragraphs 3.2.5.

//

3.2.3.3 Attorney's Fees, Costs, and Expenses. The remainder of the $395,000.00 will be allocated to Class Counsel as reimbursement for any and all attorney's fees, costs, and expenses incurred on behalf of any Class Member to this Action, and which shall be subject to the Court's approval. The County will not oppose Class Counsel's request for attorney's fees, costs, and expenses from the remainder of the $395,000.00. No other allocation to attorney's fees, costs, and expenses shall be made.

3.2.3.4 Any amount not approved by the Court for attorney's fees, costs, expenses, and Named Plaintiff's incentive award, will be added to the Settlement Fund.

3.2.4 Claims Process and Payment to Eligible Settlement Class Members. $1,980,000.00 of the Settlement Fund will be allocated to pay Eligible Settlement Class Members. Payments to Eligible Settlement Class Members who submit timely and valid Claim Forms shall be calculated in the manner provided for below.

3.2.5 Payment to Eligible Settlement Class Members

3.2.5.1 Members of Settlement Subclass I shall receive a payment of $250.00 per hour for each hour of compensable detention from 12 to up to 24 hours. For example, if a member of Subclass I was detained for 20 hours, that member will receive a payment of $2,000.00 ($250.00 x [20 – 12] = $2,000.00).

3.2.5.2 Members of Settlement Subclass II shall receive a payment of $250.00 per hour for each hour of compensable detention from 12 to up to 24 hours, and $295.00 per hour for each hour of compensable detention over 24 hours. For example, if a member of Subclass II was detained for 30 hours, that member will receive a payment of $4,770.00 (($250.00 x [24 – 12]) + ($295.00 x [30 – 24]) = $4,770.00).

3.2.6 *Cy Pres*. In the event that the funds allocated to pay Settlement Class Members are not exhausted by the end of the Claims Period, the remaining funds will

be designated as Residual Funds, and distributed pursuant to the *cy pres* doctrine. Any of the Residual Funds distributed to charitable organizations pursuant to the *cy pres* doctrine will be distributed to mutually agreeable non-profit community-based organizations ("CBO" or "CBOs") that are located in and perform a majority of their work in Santa Clara County and for the purpose of providing reentry or related services to individuals in Santa Clara County.

3.2.7 The Parties agree that counsel for all Parties shall meet and confer at least 90 days prior to the end of the Claims Period to discuss and mutually agree to (1) whether modifications should be made to the distribution of the Residual Funds based on circumstances that may arise during the Claims Period, which may include but are not limited to, unforeseen administrative issues, sufficiency of the efforts to locate Class Members, the amount of Residual Funds remaining for distribution to the *cy pres* recipients, and potential extension of the Claims Period; and (2) the identity of the *cy pres* recipients, if any.

**4.0 NOTICE PROCESS**

4.1 The County shall provide Class Counsel and/or the Settlement Administrator with a complete list of Settlement Class Members within 10 calendar days of receiving the Preliminary Approval Order. The list shall include the following information for each Class Member: name; date of birth; address; phone number; booking date and time; prosecution declination date and time; and release date and time. The list of Settlement Class Members and the accompanying data shall be used solely for purposes of this Action and shall not be made publicly available for any other purpose. To the extent it is necessary for Class Counsel to share any data, Class Counsel shall secure the County's approval prior to any such disclosure and shall further comply with the Stipulated Protective Order entered by the Court. The County shall provide, along with the list of Settlement Class Members, a declaration from a person responsible for verifying the data on the list, detailing, with specificity, the steps such person took to verify the data on the list.

//

4.2 Within 30 calendar days of receiving the Preliminary Approval Order, the Settlement Administrator shall provide Class Notice to each Class Member. The Class Notice shall be translated into Spanish and Vietnamese for distribution. The County shall provide notice as required by the Class Action Fairness Act (28 U.S.C. §§ 1711-1715) to appropriate officials as required by that Act.

4.3 Class Members shall have 60 calendar days after the Notice Date to file and serve their respective objection to or opt-out of the Settlement, following the procedure set forth in the Class Notice.

## 5.0 PROCEDURE FOR IMPLEMENTATION OF SETTLEMENT AGREEMENT

### 5.1 **Preliminary Approval**

5.1.1 Plaintiff shall file a motion for Preliminary Approval of this Settlement Agreement and request that this Court enter a Preliminary Approval Order, requesting, inter alia, the preliminary approval of the Settlement set forth in this Settlement Agreement, and approval/dissemination of Class Notice of the Settlement and Claim Form.

### 5.2 **Final Approval**

5.2.1 Within 90 calendar days after the Court issues its Preliminary Approval Order, the Parties will jointly request that this Court hold a Final Approval Hearing. The Parties shall jointly request that, at the Final Approval Hearing, this Court approve the Settlement of this Action, issue the Final Approval Order, and enter the Final Judgment.

### 5.3 **Cure**

5.3.1 In the event that the Court fails to issue either the Preliminary or Final Approval Order or the Final Judgment, Class Counsel and the County's Counsel agree to use their best efforts, consistent with this Settlement Agreement, to cure any defect identified by the Court within 14 business days or as otherwise ordered by the Court.

//

//

//

## 6.0 GENERAL RELEASE

### 6.1 Release

6.1.1 Upon the Effective Date, Named Plaintiff, for himself and on behalf of the Settlement Class Members, and for each of their respective agents, employees, independent contractors, representatives, spouses, children, heirs, administrators, executors, trustors, trustees, beneficiaries, predecessors-in-interest, successors-in-interest, assigns, attorneys, and each of them, shall be deemed to have, and shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed any and all claims that Plaintiffs had, have, or may have against any of the County Released Parties, arising from the events alleged in this Action. Plaintiffs shall further be forever barred and enjoined from commencing, instituting, prosecuting, maintaining, proceeding on, assisting, or advising the commencement of any action or other proceeding against the County Released Parties in any court of law or equity, arbitration tribunal, or administrative forum, that arises out of, is or may be, in whole or in part, based upon, related to, or connected to any claim they had, have, or may have arising from the events alleged in this Action. The term "any and all claims" as used above is intended to have the broadest application and includes, but is not limited to, all claims, liabilities, demands, damages, obligations and causes of action of any kind, in law, equity, administrative proceeding or otherwise, whether known or unknown, anticipated or unanticipated, past or present, contingent or fixed, that now exist, which existed before the execution of this Settlement Agreement, or that may exist after the execution of this Settlement Agreement, relating to any act, transaction, occurrence, event, error or omission by any County Released Parties before the execution of this Settlement Agreement. This release is intended to be a complete release, and includes, without limitation, any and all claims that were asserted or could have been asserted in this Action. Plaintiffs acknowledge and agree that the term "any and all claims" shall be interpreted liberally to preclude any further disputes, litigation, or controversy among the Parties.

//

//

6.1.2 Plaintiffs acknowledge and agree that this Settlement Agreement shall inure to the benefit of each of the County Released Parties and shall be binding upon Plaintiffs' successors and assigns.

6.1.3 Plaintiffs understand that the release contained in this Settlement Agreement is a complete defense to any action or other proceeding, as defined by Paragraph 6.1.1, against the County Released Parties existing at the present time or in the future.

6.1.4 Upon the Effective Date, the County, for itself and each of its respective agents, employees, independent contractors, representatives, beneficiaries, predecessors-in-interest, successors-in-interest, assigns, attorneys, and each of them, shall be deemed to have, and shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed any and all claims that the County had, have, or may have against Plaintiffs, arising from the events alleged in this Action. The County shall further be forever barred and enjoined from commencing, instituting, prosecuting, maintaining, proceeding on, assisting, or advising the commencement of any action or other proceeding against Plaintiffs in any court of law or equity, arbitration tribunal, or administrative forum, that arises out of, is or may be, in whole or in part, based upon, related to, or connected to any claim they had, have, or may have arising from the events alleged in this Action. The term "any and all claims" as used above is intended to have the broadest application and includes, but is not limited to, all claims, liabilities, demands, damages, obligations and causes of action of any kind, in law, equity, administrative proceeding or otherwise, whether known or unknown, anticipated or unanticipated, past or present, contingent or fixed, that now exist, which existed before the execution of this Settlement Agreement, or that may exist after the execution of this Settlement Agreement, relating to any act, transaction, occurrence, event, error or omission by any of the Plaintiffs. This release is intended to be a complete release, and includes, without limitation, any and all claims that were asserted or could have been asserted in this Action. The County acknowledges and agree that the term "any and all claims" shall be interpreted liberally to preclude any further disputes, litigation, or controversy among the Parties.

6.1.5 The County acknowledges and agrees that this Settlement Agreement shall inure to the benefit of each of the Plaintiffs and shall be binding upon the County's successors and assigns.

6.1.6 The County understands that the release contained in this Settlement Agreement is a complete defense to any action or other proceeding, as defined by Paragraph 6.1.4, against any of the Plaintiffs existing at the present time or in the future.

6.2 **Waiver of Civil Code Section 1542**

6.2.1 Plaintiffs further acknowledge that they are familiar with California Civil Code section 1542, which provides that: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR THE RELEASED PARTY." Plaintiffs acknowledge that they are generally releasing unknown claims and waive all rights they have or may have under Civil Code section 1542 or under any other similar statute of decisional or common law principle of any jurisdiction. Plaintiffs acknowledge that if Plaintiffs have suffered, or in the future suffer, damages arising out of the matters released by this Settlement Agreement, Plaintiffs will not be able to make any claims for those damages.

6.2.2 The County acknowledges that it is generally releasing unknown claims and waives all rights that it has or may have under Civil Code section 1542 or under any other similar statute of decisional or common law principle of any jurisdiction. The County acknowledges that if it has suffered, or in the future suffers, damages arising out of the matters released by this Settlement Agreement, it will not be able to make any claims for those damages.

6.3 **No Admissions; General Release of No Evidentiary Effect**

6.3.1 Plaintiffs acknowledge and agree that this Settlement Agreement is given and accepted as part of a compromise and settlement of disputed claims. Plaintiffs

further acknowledge and agree that the acceptance of this Settlement Agreement by any of the County Released Parties shall not be construed or deemed to be an admission of any fact, matter, or thing. Neither this Settlement Agreement nor any of its terms shall be offered or received as evidence in any proceeding in any forum as an admission of any liability or wrongdoing on the part of any of the County Released Parties.

6.4 **Liens, Claims of Subrogation, and Hold Harmless**

6.4.1 Upon filing a claim, each Class Member shall agree to defend, indemnify, and hold harmless the County Released Parties from any and all claims or demands of subrogation and any medical (including, but not limited to, Medicare and Medicaid), legal, or workers' compensation liens, and any and all governmental, private, or public compensation liens asserted by any person or entity that has furnished, supplied, and/or paid or will furnish, supply, and/or pay benefits, anything of value, or any form of compensation to or for any Plaintiff for any claimed expense, detriment, or damage resulting from acts and/or omissions alleged in the Action. Each Class Member shall further agree to defend, indemnify, and hold harmless the County Released Parties from and against all claims and demands made by any federal, state, or local government entity for unpaid taxes, interest, fines, levies, penalties, fees, attorney's fees, and all other forms of assessment by a governmental entity related to the amount paid to each Class Member pursuant to this Settlement Agreement.

6.4.2 In addition to their promises in Paragraph 6.4.1 of this Settlement Agreement, upon filing a claim, each Class Member shall agree to defend, indemnify, and hold harmless the County Released Parties from any and all claims, demands, causes of action, expenses, losses, liabilities, and damage of any kind or character, including attorney's fees and court costs arising out of or in any way connected with the Action or other proceedings brought by, for the benefit of, or at the direction of the Class Member based upon the subject matter of this Settlement Agreement. Each Class Member shall further agree that this hold harmless provision shall be deemed breached and a cause of action accrued thereon immediately upon the commencement of any action contrary to this

Settlement Agreement. In any such action, this Settlement Agreement may be pleaded by the County Released Parties as a defense or asserted by way of cross-complaint, counter claim, or cross claim.

6.4.3 Upon filing a claim, each Class Member shall warrant and represent that there has been no assignment, sale, or transfer, by operation of law or otherwise, of any claim, right, or interest released herein. Each Class Member shall agree to defend, indemnify, and hold harmless the County Released Parties from any claim, liability, or expense that may be incurred as a result of the assertion of any such claim, right, or interest by any person by reason of any such assignment, sale, or transfer.

6.5 **Representations and Warranties**

Plaintiffs hereby represent, warrant, and agree as follows:

6.5.1 Plaintiffs have made such investigations of the facts pertaining to this Settlement and this Settlement Agreement, and of all the matter pertaining thereto, as they deem necessary.

6.5.2 Plaintiffs have read this Settlement Agreement and understand its contents. In entering into this Settlement Agreement and the Settlement provided for herein, Plaintiffs assume the risk of any misrepresentation, concealment, or mistake. If Plaintiffs should subsequently discover that any fact relied upon by them in entering into this Settlement Agreement was untrue, or that any fact was concealed from them, or that their understanding of the facts or the law was incorrect, Plaintiffs shall not be entitled to any relief in connection therewith including, without limitation, any alleged right or claim to set aside or rescind this Settlement Agreement. This Settlement Agreement is intended to be and is final and binding, regardless of any claims of misrepresentation, concealment of fact, or mistake of law or fact.

6.5.3 Plaintiffs are aware that they may hereafter discover claims or facts in addition to or different from those they now know or believe to be true with respect to the matters related herein. Nevertheless, it is their intention to fully, finally, and forever settle and release all such matters and claims that now exist, may exist, or have existed. In

furtherance of such intention, Plaintiffs' release shall be and remain a full and complete release of all such matters, notwithstanding the discovery or existence of any additional or different claims or facts.

6.6 Nothing in this Settlement Agreement shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed therein.

**7.0 CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL**

7.1 This Settlement Agreement is subject to the approval of this Court as provided in Federal Rule of Civil Procedure 23(e).

7.2 If the Settlement Agreement is not approved by this Court or otherwise fails to become effective in accordance with its terms and provisions, the terms and provisions of this Settlement Agreement, with the exception of this section, shall have no further force and effect with respect to the Parties and neither this Settlement Agreement nor any submission by any party in connection with the Motion(s) for Preliminary or Final Approval, or appeal therefrom, or any related motions or proceedings, may be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement shall be treated as vacated, nunc pro tunc; and thereon,

7.2.1 Named Plaintiff shall be entitled to continue this Action in accordance with the rulings, circumstances, and procedural posture that existed in this Action on January 25, 2022; and

7.2.2 The County shall retain all rights to continue its defense of this Action and to assert claims in accordance with the rulings, circumstances, and procedural posture that existed in this Action on January 25, 2022.

**8.0 MISCELLANEOUS PROVISIONS**

8.1 The Parties (a) acknowledge that it is their intent to consummate the settlement set forth in this Settlement Agreement, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish and effectuate the terms and conditions of the Settlement Agreement. If any portion or provision of this Settlement Agreement is found to be illegal, invalid,

unenforceable, nonbinding, or otherwise without legal force or effect, the remaining portion(s) will remain in force and be fully binding.

8.2 This Settlement Agreement constitutes the entire agreement among the Parties and no representations, warranties, or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized herein and in such documents.

8.3 The Parties covenant and agree that the terms of this Settlement Agreement are contractual, and not merely recital, and constitute a fully binding and complete agreement between Plaintiffs and the County with regard to its subject matter. This Settlement Agreement supersedes any and all prior or contemporaneous agreements, representations, and understandings of or between the Parties. This Settlement Agreement may not be amended, altered, modified, or otherwise changed in any respect, except by a written instrument executed by or on behalf of an authorized representative of Class Counsel for the Plaintiffs and an authorized representative of the County. Class Counsel, on behalf of the Settlement Class, is expressly authorized by Named Plaintiff to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Settlement Agreement to effectuate its terms and also is expressly authorized to enter into any amendments, alterations, modifications, or changes in other respects to the Settlement Agreement on behalf of the Settlement Class.

8.4 Each attorney or other person executing this Settlement Agreement on behalf of any Party hereto hereby warrants that such persons have the full authority to do so. Plaintiffs hereby acknowledge that they have been represented by Class Counsel of their choice throughout the negotiations that preceded the execution of this Settlement Agreement and in connection with the preparation and execution of this Settlement Agreement. Plaintiffs acknowledge and agree that they have executed this Settlement Agreement voluntarily, without coercion or duress of any kind, and on the advice of their independent counsel.

8.5 This Settlement Agreement was drafted with substantial review and input by all Parties and their counsel, and no reliance was placed on any representations other than those contained herein. Hence, in any construction to be made of this Settlement Agreement, its

provisions shall not be construed for or against either party based on which party drafted them. The Parties agree that this Settlement Agreement shall be construed by its own terms, and not by referring to, or considering, the terms of any other settlement, and not by any presumption against the drafter.

8.6 This Settlement Agreement shall be deemed to have been entered into in Santa Clara County, California, and all questions of validity, interpretation, or performance of any of its terms or of any rights or obligations of the Parties to this Settlement Agreement shall be governed by California law. The Parties agree that the United States District Court for the Northern District of California shall retain jurisdiction over this matter to enforce this Settlement Agreement.

8.7 This Settlement Agreement may be executed in counterparts, each of which will be deemed to be an original, and all of which taken together shall constitute a single instrument. This Settlement Agreement may be executed by an original signature, signature by facsimile, and/or electronic signature, all of which shall be deemed to be the same as an original signature.

8.8 The Parties hereto agree to perform such acts and to execute such documents as are necessary to carry out the provisions and purposes of this Settlement Agreement.

//

//

//

//

//

//

//

//

//

//

//

//

//

NOW, THEREFORE, the foregoing terms are hereby STIPULATED AND AGREED, by and between the Parties, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Dated: ____________, 2022

By:________________________________________
DYLAN CAMARLINGHI
Named Plaintiff

Dated: ____________, 2022

By:________________________________________
AKEEB DAMI ANIMASHAUN
LUCY BRIERLY BANSAL
JANET HEROLD
RACHEL LEDERMAN
Attorneys for Plaintiffs

Dated: ____________, 2022

By: ______________________________________
JAMES R. WILLIAMS
County Counsel, County of Santa Clara

APPROVED AS TO FORM AND LEGALITY:

Dated: ____________, 2022

By: ______________________________________
KIM H. HARA
Lead Deputy County Counsel
Attorneys for Defendant County of Santa Clara