# Ex. 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San José Division)

DYLAN CAMARLINGHI, on behalf of himself and others similarly situated,

Plaintiff,

v.

SANTA CLARA COUNTY, et al.,

Defendants.

Case No. 21-cv-03020-EJD (LB)

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND APPROVING NOTICE PLAN**

The Court, having considered Plaintiff's Motion for Preliminary Approval of Proposed Class Action Settlement ("Preliminary Approval Motion"), the exhibits thereto, and the record in this case, finds good cause to enter the following Order.

**IT IS ORDERED AS FOLLOWS:**

**Preliminary Approval of Settlement**

1. This Order incorporates by reference the definitions in the Class Action Settlement Agreement and General Release ("Settlement Agreement"), attached and set forth in Exhibit 1 to the Preliminary Approval Motion.

2. The Court preliminarily approves the Settlement Agreement, subject to further consideration by the Court at the time of the Final Approval Hearing. The Court preliminarily finds

that the Parties have shown that the Court will likely be able to grant final approval of the Settlement Agreement as fair, reasonable, and adequate.

3. The following attorneys are hereby appointed Class Counsel for the Settlement Class:

Akeeb Dami Animashaun, Esq.
14 Wall Street, Suite 1603
New York, NY 10005
929.266.3971
animashaun@pm.me

Lucy Brierly Bansal
Janet Herold
JUSTICE CATALYST LAW
123 William St., 16th Floor
New York, NY 10038
202.525.7516
lbansal@justicecatalyst.org
jherold@justicecatalyst.org

Rachel Lederman, SBN 130192
ALEXIS C. BEACH & RACHEL LEDERMAN ATTORNEYS
P.O. Box 40339
San Francisco, CA 94140-0339
415.282.9300

4. Class Counsel are authorized to act on behalf of the Settlement Class with respect to all acts or consents required by or which may be given pursuant to the Settlement, and such other acts reasonably necessary to consummate the Settlement.

5. For purposes of the Court's preliminary approval of the Settlement only, the Court accepts the Parties' stipulated class definitions and certifies the following Settlement Class:

a. Settlement Subclass I: all persons (i) detained at the Jail from 12 to up to 24 hours after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018 and April 26, 2021.

b. Settlement Subclass II: all persons (i) detained at the Jail for 24 hours or longer after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018 and April 26, 2021.

6. In making this finding, the Court finds that Named Plaintiff Dylan Camarlinghi and Class Counsel have adequately represented the Settlement Class; the Settlement Agreement was negotiated at arm's length and was not the product of collusion; the relief provided for the Settlement Class is fair, adequate, reasonable, and within the range of possible approval, subject to further and final consideration at the Final Approval Hearing.

7. The Court will retain discretion to appoint Magistrate Judge Laurel Beeler, or the Court may designate such other Magistrate Judge, to handle disputes relating to the interpretation, implementation, and enforcement of the Agreement. The Court may also itself resolve any such disputes.

**Notice**

8. The form of Notice and notice process attached and set forth in Exhibit 4 to the Preliminary Approval Motion is approved.

9. The Court finds that the Class Notice and notice process reflect the best practicable notice under the circumstances—including individual notice to all Class Members who can be identified through reasonable diligence—and comply with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process. The Class Notice clearly and concisely states in plain, easily understood language: the nature of the action; the definition of the Settlement Class; the Settlement Class claims and issues; that a Class Member may enter an appearance through an attorney if the Class Member so desires; that the Court will exclude from the Settlement Class any Class Member who requests exclusion; the time and manner for requesting exclusion at the Final Approval Hearing; and the binding effect of a Final Judgment on Class Members under Federal Rule of Civil Procedure 23(c)(3).

10. Class Counsel shall use reasonable means, including but not limited to, regular U.S. mail, email, telephone calls, and in-person outreach at residential and other addresses related to Class Members, to contact any Class Members.

11. The Court approves and appoints American Legal Claim Services, LLC as the Settlement Administrator for this action, and to thereby perform and execute all such responsibilities as set forth in the Settlement Agreement.

12. The cost of preparing, publishing, and serving the Class Notice, as well as the other expenses related to the publication and distribution of the Class Notice to the Settlement Class shall be paid out of the Settlement Fund. Such costs shall not exceed $50,000.

**Deadlines**

13. No later than 30 calendar days from the date of this Preliminary Approval Order, the Settlement Administrator shall cause to be disseminated the Class Notice, substantially in the form attached as Exhibit 4 to the Preliminary Motion, in the manner set forth in Section 4.0 of the Settlement Agreement. At or before the Final Approval Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the required notice dissemination.

14. Class Members may opt-out of the Settlement by submitting a written request within 60 calendar days of the Notice Date. Opt-Out requests shall follow the procedure set forth in the Class Notice. Any Class Member who does not properly and timely Opt-Out from the Settlement shall be included in the Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to, the Release of Claims described therein, whether or not such person shall have objected to the Settlement and whether or not such person participates in the Settlement Fund or the other benefits to the Class to be provided under the Settlement Agreement.

15. Class Members may object to the Settlement Agreement by submitting a written objection to this Court within 60 calendar days of the Notice Date. Objections will be filed in the public record. If a Class Member wishes to appear at the Final Approval Hearing to object to the settlement, he or she should indicate such intent in the written objection.

16. Class Members submitting a Claim Form must postmark or deliver the Claim Form following the procedure set forth in the Class Notice no later than midnight 270 calendar days after the Final Approval Order. This date may be extended by either Party for a period not to exceed 365 calendar days after entry of the Final Approval Order. This date may be further extended by written agreement of the Parties.

**Final Approval Hearing**

17. A Final Approval Hearing shall be held on__________ , at ___________ a.m./p.m., to consider:

a. The fairness, reasonableness, and adequacy of the Settlement Agreement;

b. Whether a Final Approval Order shall be entered; and

c. Any other matters that properly may be brought before the Court in connection with the Settlement.

18. The date and time of the Final Approval Hearing shall be set forth in the Class Notice, but shall be subject to continuance by the Court without further notice to the Class Members other than that which may be posted at the Court.

**IT IS SO ORDERED**

Dated: ____________________

______________________________________
EDWARD J. DAVILA
United States District Judge