Akeeb Dami Animashaun
14 Wall Street, Suite 1603
New York, NY 10005
929.266.3971
animashaun@pm.me

Lucy Brierly Bansal
Janet Herold
JUSTICE CATALYST LAW
40 Rector Street, Floor 9
New York, NY 10006
202.525.7516
lbansal@justicecatalyst.org
jherold@justicecatalyst.org

Rachel Lederman, SBN 130192
ALEXIS C. BEACH & RACHEL LEDERMAN ATTORNEYS
P.O. Box 40339
San Francisco, CA 94140
415.282.9300
rachel@sfbla.com

*Counsel for Plaintiff Dylan Camarlinghi*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
(San José Division)

| | |
|---|---|
| DYLAN CAMARLINGHI, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY, et al.,<br><br>Defendants. | Case No. 21-cv-03020-EJD (LB)<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARD; MEMORANDUM IN SUPPORT THEREOF** |

1

2

# <u>TABLE OF CONTENTS</u>

**NOTICE OF MOTION AND MOTION** ...................................................................1

**MEMORANDUM IN SUPPORT OF MOTION** ......................................................1

I.     BACKGROUND ...............................................................................................1

     a.    Settlement and Settlement Administration .............................................1

          i.    History of the Case.........................................................................1

          ii.    Key Provisions of the Settlement..................................................2

          iii.   Class Notice Distribution...............................................................3

     b.    Class Counsel's Representation and Named Plaintiff's Participation ....................4

          i.    Class Counsel Investigation and Representation .........................4

          ii.    Named Plaintiff's Participation....................................................5

II.    THE SETTLEMENT MERITS FINAL APPROVAL ....................................6

     a.    Legal Standard for Approving a Class Action Settlement.......................6

     b.    The Settlement is Entitled to a Strong Presumption of Fairness that Cannot be Rebutted ...................................................................................7

     c.    The Class Notice Complied with Rule 23 and This Court's Order ........................8

III.   THE REQUESTED ATTORNEYS' FEES AND SERVICE AWARD SHOULD BE APPROVED ...............................................................................10

     a.    The Requested Attorneys' Fees and Expenses are Reasonable ...........................10

     b.    Named Plaintiff's Service Award Request is Reasonable .....................11

     c.    Settlement Administration Costs are Reasonable ..................................13

IV.   CONCLUSION.................................................................................................13

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

**CASES**

3

*Hanlon v. Chrysler Corp.*,

4

150 F.3d 1011 (9th Cir. 1998)……………………………………………………………….. 7

5

*Hays v. Eaton Grp. Att'ys, LLC*,

6

No. CV 17-88-JWD-RLB, 2019 WL 42733 (M.D. La. Feb. 4, 2019)……………………………… 8

7

*In re Syncor Erisa Litig.*,

8

516 F.3d 1095(9th Cir. 2008)…………………………………………………………… 6

9

*Linney v. Cellular Alaska P'ship*,

10

151 F.3d 1234 (9th Cir. 1998)……………………………………………………………….. 8

11

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,

12

 221 F.R.D. 523 (C.D. Cal. 2004)………………………………………………………….7

13

*Officers for Justice v. Civil Serv. Comm'n*,

14

688 F.2d 615 (9th Cir. 1982)…………………………………………………………… 6

15

*Rodriguez v. W. Publ'g Corp.*,

16

563 F.3d 948 (9th Cir. 2009)……………………………………………………………….. 6, 11

17

*Ross v. U.S. Bank Nat'l Ass'n*,

18

2010 WL 3833922 (N.D.Cal. Sept. 29, 2010)………………………………………………13

19

*Schwartz v. Opus Bank*,

20

326 F.R.D. 637 (C.D. Cal. 2018)………………………………………………………….. 7

21

*Staton v. Boeing Co.*,

22

327 F.3d 938 (9th Cir. 2003)……………………………………………………… 10, 11, 12, 13

23

*Torrisi v. Tucson Elec. Power Co.*,

24

8 F.3d 1370 (9th Cir. 1993)……………………………………………………………….. 7

25

*U.S. v. Tex. Educ. Agency*,

26

679 F.2d 1104 (5th Cir. 1982)…………………………………………………………….. 6, 7

27

*Vizcaino v. Microsoft Corp.*,

28

290 F.3d 1043 (9th Cir. 2002)…………………………………………………………… 10

1

**RULES**

2

Fed. R. Civ. P. 23(c)(2)……………………………………………………………………… 8, 9

3

Fed. R. Civ. P. 23(e)(1)……………………………………………………………………….8

4

Fed. R. Civ. P. 23(e)(2)……………………………………………………………………… 6

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that **on December 15, 2022, at 9:00 AM**, in the United States District Court for the Northern District of California, 280 South 1st St., San José, CA, 95113, Courtroom 4, 5th Floor, Plaintiff Dylan Camarlinghi, individually and on behalf of all similarly situated persons, will and hereby does move this Court pursuant to Fed. R. Civ. P. 23 for an order:

1.      Confirming, as final, the certification of the Settlement Class, as defined in the Settlement Agreement (ECF 76-1), for the purpose of this Settlement;

2.      Confirming, as final, the appointment of Plaintiff Dylan Camarlinghi as the class representative for the Settlement Class;

3.      Confirming, as final, the appointment of Akeeb Dami Animashaun, Lucy Brierly Bansal and Janet Herold of Justice Catalyst Law, and Rachel Lederman of Alexis C. Beach & Rachel Lederman Attorneys, as Class Counsel;

4.      Granting final approval of the proposed $2,375,000.00 non-reversionary settlement of *Camarlinghi v. Santa Clara County*, Case No. 21-cv-03020-EJD (LB), as described in the Class Settlement Agreement, as fair, reasonable, and adequate, and binding on all Settlement Class Members;

5.      Directing the parties and the Settlement Administrator to implement the terms of the Settlement pertaining to the distribution of the Settlement Fund;

6.      Approving Class Counsel's request for attorneys' fees and expenses of $325,000.00;

7.      Approving a $20,000.00 service award for Named Plaintiff Dylan Camarlinghi;

8.      Approving settlement administration costs of up to $50,000.00; and

9.      Directing entry of judgment.[1]

This Motion is based upon this Notice and Supporting Memorandum, the Settlement Agreement, the Preliminary Approval Motion and Supporting Memorandum, as well as all papers on file in this action, and such oral argument as may be considered by this Court at the time of the hearing.

---

[1] A proposed final approval order is filed concurrently as Exhibit 1.

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Notice of Motion and Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 1

1    DATED this 28th day of November 2022.          Respectfully submitted,

2                                                            /s/

3                                                   A. Dami Animashaun
                                                    Rachel Lederman
4                                                   Lucy B. Bansal
                                                    Janet Herold
5
                                                    *Counsel for Plaintiff Dylan Camarlinghi*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Notice of Motion and Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 2

## MEMORANDUM IN SUPPORT OF MOTION

On August 29, 2022, this Court granted Plaintiff's Preliminary Approval Motion and ordered that notice be distributed to Class Members. The Settlement Administrator obliged. Under the supervision of undersigned counsel, the Settlement Administrator distributed the approved Notice and Claim Form in October, and issued reminder notices in November. Settlement Class Members have responded positively to the Settlement. 73 of the 244 Class Members – almost 30 percent – have already filed claims. More importantly, *no* Class Member objected to or excluded themselves from the Settlement, confirming that the Settlement is fair, reasonable, and adequate. The Settlement represents a full and fair resolution of Plaintiff's claims and provides far-reaching relief to Class Members more quickly than could likely have been obtained through litigation. This Court should make its provisional approval of the Settlement final.

Additionally, this Court should approve counsel's request for attorneys' fees and expenses of $325,000.00, which constitutes only 14 percent of the Settlement Fund, significantly less than the Ninth Circuit's 25 percent benchmark. This Court should also approve a $20,000.00 service award to be paid to Mr. Camarlinghi. If Mr. Camarlinghi had not stepped up and taken on the responsibility of being the sole class representative, disregarding reputational and professional risk in the process, Class Members would not have been compensated for their injuries. Finally, this Court should approve disbursement of settlement administration costs not to exceed $50,000.00. As set forth more fully below, these amounts are reasonable.

## I.   BACKGROUND

### a.   Settlement and Settlement Administration

#### i.   History of the Case

On April 26, 2021, Named Plaintiff, on behalf of himself and others similarly situated, filed this case pursuant to 42 U.S.C. § 1983, alleging that the County violated the Fourteenth Amendment to the United States Constitution by failing to release him and others within a reasonable period of time after the District Attorney declined to prosecute them. (ECF 1.)

Almost immediately upon filing, the parties realized that an early settlement would be in their best interest and spent the next nine months conducting informal discovery and negotiating a settlement,

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 1

1    including attending three formal settlement conferences with Magistrate Judge Laurel Beeler (ECF

2    44, 55, 57.) The parties reached a global settlement at the last settlement conference and agreed to the

3    creation of a $2,375,000.00 settlement fund. (*See* ECF 57.)

4        Thereafter, the parties spent seven months negotiating the terms of the Stipulated Settlement

5    Agreement (ECF 76-1), which was filed in this Court, along with Named Plaintiff's Preliminary

6    Approval Motion on August 12, 2022 (ECF 76). This Court heard oral argument on the motion on

7    August 29, 2022. It provisionally approved the Settlement at the hearing (ECF 77) and subsequently

8    entered a Preliminary Approval Order (ECF 79).

9                    ii.    Key Provisions of the Settlement

10       In exchange for the establishment of a $2,375,000.00 non-reversionary Settlement Fund, Named

11    Plaintiff and Class Members agree to forever release, acquit, relinquish, and discharge any claims they

12    may have relating to or arising out of the factual or legal allegations in the Complaint. The Settlement

13    Fund will be allocated as follows:

14                •    $1,980,000.00 (84%) will be allocated to Class Members. Members of

15                Settlement Subclass I will receive a payment of $250.00 per hour for each hour of

16                compensable detention from 12 to up to 24 hours. Members of Settlement Subclass II

17                will receive a payment of $250.00 per hour for each hour of compensable detention

18                from 12 up to 24 hours, and $295.00 per hour for each hour of compensable detention

19                over 24 hours.

20                •    The remainder of the Settlement Fund—$395,000.00—will be allocated

21                to pay attorneys' fees, costs, and expenses; class administration costs; and a service

22                award to the Named Plaintiff. A maximum of $50,000.00 will be allocated to cover

23                settlement administration costs. Class Counsel will petition the Court for approval of a

24                service award for Named Plaintiff in the amount of $20,000.00. The remainder of the

25                $395,000.00 will be allocated to Class Counsel as reimbursement for any and all

26                attorneys' fees, costs, and expenses.

27       In order to effectuate the Settlement Agreement, and for that purpose only, the Parties stipulated

28    to the certification of the Settlement Class, which includes two subclasses, defined as follows:

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 2

- The first stipulated settlement subclass (Settlement Subclass I): all persons (i) detained at the Jail from 12 to up to 24 hours after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018, and April 26, 2021.

- The second stipulated settlement subclass (Settlement Subclass II): all persons (i) detained at the Jail for 24 hours or longer after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018, and April 26, 2021.

### iii.  Class Notice Distribution

The Settlement Administrator, American Legal Claims, LLC, distributed the Class Notice (ECF 78) to Settlement Class Members in accordance with this Court's order (ECF 77, 79). On September 28, 2022, the Settlement Administrator sent Notices to 240 Class Members. (Ex. 2 [Fiori Decl.] ¶ 6.) Before sending the Notices, the Settlement Administrator updated each Class Member's address using the National Change of Address database and a national address location service.[2] (*Id.* ¶¶ 4-5.) 61 of the 240 mailed Notices were returned to the Settlement Administrator as undelivered. (*Id.* ¶ 9.) The Settlement Administrator used the location service to find other likely addresses for Class Members whose Notices were returned and remailed Notices to those Class Members. (*Id.* ¶¶ 9-10.) None of the remailed notices were returned. (*Id*. ¶ 10.)

On November 10, 2022, the Settlement Administrator sent 251 reminder postcards to Class Members. (*Id.* ¶ 11.) The reminder notices were sent to all "likely addresses" the location service returned for Class Members. (*Id.*) Only 21 of the 251 mailed postcards were returned to the Settlement Administrator as undelivered. (*Id.* ¶ 12.)

---

[2] Despite using the National Change of Address System and a national address location service to find addresses for Class Members, the Settlement Administrator could not find any address for four Class Members and could not send them Notices. (Ex. 3 ¶ 7.)

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 3

1    Class Counsel also called Class Members to notify them of the Settlement. (Ex. 3 [Animashaun

2    Decl.] ¶¶ 24.)

3    As of November 28, 2022, the Settlement Administrator has received 73 completed Claims Forms

4    from Class Members. (Ex. 2 ¶ 13.) The Settlement Administrator has not received any exclusion

5    requests from Class Members. (*Id.* ¶ 14.) The Settlement Administrator has not received any objections

6    from Class Members. (*Id.* ¶ 15.)

7    The deadline for Class Members to object to or exclude themselves from the Settlement was

8    November 27, 2022. (ECF 79 ¶¶ 14-15.)

9            **b.  Class Counsel's Representation and Named Plaintiff's Participation**

10                    i.   Class Counsel Investigation and Representation

11   Class Counsel are experienced class action litigators with expertise litigating complex civil rights

12   cases. (ECF 76-5 [Class Counsel Decls.] at 3, 7-9, 12-13.) Class Counsel took this case on a

13   contingency basis with no guarantee of recovery. (*Id.* at 3-4.) They filed this case in April 2021, and

14   have spent the last 19 months bringing this case to resolution, without compensation or reimbursement

15   for their time and out-of-pocket expenses.

16   Before filing this case, Class Counsel spent eight months identifying, searching for, and locating

17   harmed Class Members who had changed their phone numbers and addresses numerous times since

18   their release from jail; conducting dozens of interviews with Class Members, family members, former

19   attorneys, and community stakeholders; requesting and reviewing records, in an attempt to understand

20   the challenged polices, which are pled in detail in the Complaint; informing Class Members who did

21   not know they had been harmed about their rights; and being retained by a class representative. (*Id.*)

22   This process presented considerable difficulty because information about the challenged policies was

23   not publicly available, and Class Members were not aware that they had been injured. (*Id.*) And, on

24   several occasions, Class Counsel thought that they would not be able to access the information

25   necessary to file this case and seek justice for the Settlement Class. (*Id.*)

26   Almost immediately after Class Counsel filed the Complaint in this case, the parties realized that

27   an early settlement would be in their best interest and spent the next nine months conducting informal

28   discovery and negotiating a settlement. (*Id.* at 4.) The settlement process included requesting and

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 4

1   reviewing data concerning the arrest, detention, and release of Class Members; researching and

2   drafting settlement letters exchanged with the County and submitted to Magistrate Judge Beeler; and

3   attending three settlement conferences with Magistrate Judge Beeler, in addition to several other

4   informal settlement conferences with the County. (*Id.*)

5       This case settled on January 25, 2022. (ECF 57.) During the subsequent ten months, Class Counsel

6   spent countless hours drafting and negotiating the Settlement Agreement with the County. (ECF 76-5

7   at 4-5.) That process included more than a half-dozen telephonic conferences, several of which lasted

8   multiple hours; researching disputed issues; and drafting and reviewing several versions of the

9   Settlement Agreement. (*Id.*) Additionally, Class Counsel researched and drafted the Preliminary

10  Approval Motion and the accompanying documents, and solicited and engaged a settlement

11  administrator. (*Id.*) Further, since preliminary approval of the Settlement, Class Counsel has conducted

12  telephonic outreach to settlement Class Members. (Ex. 3 ¶¶ 23-24.)

13      As of the date of this Motion, Class Counsel has devoted 504 hours to this case, for a lodestar of

14  $308,229.50. (*Id.* ¶ 19.) Class Counsel has also incurred $2,530.52 in expenses while investigating

15  and litigating this case. (*Id.* ¶ 21.) Class Counsel expects to incur additional hours and expenses during

16  the year-long settlement administration process and complying with the requirements of the Settlement

17  Agreement (*Id.* ¶ 22.)

18                  ii.   Named Plaintiff's Participation

19      Named Plaintiff, Dylan Camarlinghi, is the sole class representative. But for his willingness to

20  serve as the class representative, the case could not have been filed, a settlement could not have been

21  reached, and no Class Member would be compensated for their injury.

22      Despite his initial reluctance to participate in this case because he feared that publicity about his

23  arrest and detention would damage his reputation (*id.* ¶ 6), Mr. Camarlinghi nevertheless decided to

24  serve as the sole class representative because he understood that the rights of hundreds of people could

25  not be vindicated without his participation (*id.* ¶ 11).

26      Mr. Camarlinghi also played a valuable role in the development of this litigation. Mr. Camarlinghi

27  assisted with Class Counsel's investigation of the facts, including confirming key facts about the

28  challenged policies and practices. (*Id.* ¶ 13.) Mr. Camarlinghi consulted with Class Counsel regarding

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 5

1    the Settlement, attended one of the formal settlement conferences with his mother, and reviewed and

2    approved the Settlement Agreement. (*Id.* ¶ 14.) Mr. Camarlinghi was a model class representative.

3    He was engaged throughout the case, regularly communicated with Class Counsel, and provided input

4    and answers to questions whenever needed. (*Id.* ¶ 12.)

5    **II.      THE SETTLEMENT MERITS FINAL APPROVAL**

6        This Court should make its provisional settlement approval final. The only thing that has changed

7    since this Court preliminarily approved the Settlement is that Class Members have been notified of

8    the Settlement and given the opportunity to object to or exclude themselves from the Settlement. *No*

9    *Class Member has chosen to do either*. Meanwhile, 73 Class Members have already filed claims. Class

10   Members' overwhelmingly positive response to the Settlement confirms that this Court properly ruled

11   that the Settlement is fair, reasonable, and adequate. The Settlement merits final approval.

12       **a.  Legal Standard for Approving a Class Action Settlement**

13       In determining the propriety of granting final approval of a class action settlement, courts

14   determine whether the settlement is "fundamentally fair, adequate, and reasonable." Fed. R. Civ. P.

15   23(e)(2); *see Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "[T]here

16   is a strong judicial policy that favors settlements, particularly where complex class action litigation is

17   concerned*." In re Syncor Erisa Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). As the Ninth Circuit has

18   recognized, "the very essence of a settlement is compromise." *Id.* at 624. And, when a settlement, such

19   as this one, is reached as the result of arm's-length negotiations between competent counsel on both

20   sides, it "is entitled to a presumption of validity, which ordinarily may be overcome only if its

21   provisions are not within reasonable bounds or are illegal, unconstitutional or against public policy."

22   *U.S. v. Tex. Educ. Agency*, 679 F.2d 1104, 1108 (5th Cir. 1982); *see also Rodriguez v. W. Publ'g*

23   *Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-

24   length, non-collusive, negotiated resolution").

25       Additionally, the district court may weigh a variety of factors, including "the strength of the

26   plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of

27   maintaining class action status throughout the trial; the amount offered in settlement; the extent of

28   discovery completed and the stage of the proceedings; the experience and views of counsel; the

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 6

1    presence of a governmental participant; and the reaction of the class members to the proposed

2    settlement." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (citations omitted). These

3    factors largely overlap with the Rule 23(e)(2) factors. The relative degree of importance to be attached

4    to any particular factor depends upon the circumstances of each case. *Torrisi v. Tucson Elec. Power*

5    *Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

6        Finally, the district court must determine whether the notice requirements of Rule 23(c)(2)(B) have

7    been satisfied. *Schwartz v. Opus Bank*, 326 F.R.D. 637, 638 (C.D. Cal. 2018).

8        Because the Settlement was reached through genuine arm's-length negotiations, it is

9    presumptively valid. And, the presumption cannot be overcome because Class Members compensation

10   is well within the reasonable bounds of compensation in similar cases. Additionally, the Settlement

11   has been well received by Class Members, which is strong indication that the Settlement is reasonable.

12   Finally, Class Counsel and the Settlement Administrator implemented the notice plan that was

13   approved by this Court, which satisfies the requirements of Rule 23. The Settlement therefore merits

14   final approval.

15        **b.  The Settlement is Entitled to a Strong Presumption of Fairness that Cannot be**
16            **Rebutted**

17        The Settlement is entirely non-collusive and the product of substantial arms-length negotiations

18   which were conducted with the assistance of a federal magistrate judge. The Parties settled the case

19   after nearly a year of extensive settlement negotiations and three formal settlement conferences with

20   Magistrate Judge Laurel Beeler, who has extensive settlement experience. The settlement therefore

21   merits the presumption of fairness. *See, e.g.*, *Tex. Educ. Agency*, 679 F.2d at 1108.

22        Moreover, Class Members have responded favorably to the Settlement. No Class Member has

23   objected to or excluded themselves from the Settlement. "*The absence of a single objection to the*

24   *Proposed Settlement provides further support for final approval of the Proposed Settlement*." *Nat'l*

25   *Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (emphasis

26   added) (citations omitted). In fact, this creates another presumption of reasonableness: "It is

27   established that the absence of a large number of objections to a proposed class action settlement raises

28

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 7

1   a strong presumption that the terms of a proposed class settlement action are favorable to the class

2   members." *Id.*

3       This dual presumption of reasonableness cannot be rebutted because the Settlement falls well

4   within reasonable bounds. *Cf. Tex. Educ. Agency*, 679 F.2d at 1108. As explained in Named Plaintiff's

5   Preliminary Approval Motion (ECF 76 at 15-17), the agreed-upon compensation – $250.00 to $295.00

6   for each hour of overdetention – is reasonable. These figures are above the threshold established as

7   reasonable by the seminal cases on this issue. (*Id.*)

8       Finally, the relevant *Hanlon* factors support approval of the Settlement. Although Plaintiff believes

9   his claims are strong, litigation is inherently risky and full of impediments, even where . . . the

10  plaintiff[] ha[[s] a strong chance of proving liability." *Hays v. Eaton Grp. Att'ys, LLC*, No. CV 17-88-

11  JWD-RLB, 2019 WL 427331, at *10 (M.D. La. Feb. 4, 2019). Class Counsel here "are experienced,

12  realistic, and understand that the resolution of liability, issues, the outcome of the trial, and the likely

13  appeals process, are inherently uncertain in terms of outcome and duration. The proposed settlement

14  alleviates these uncertainties." *Id.* And Class Counsel entered into it after extensively investigating the

15  challenged policies and practices and conducting months of informal discovery. *Cf. Linney v. Cellular

16  Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998) ("In the context of class action settlements, "formal

17  discovery is not a necessary ticket to the bargaining table" where the parties have sufficient

18  information to make an informed decision about settlement."). Under the Settlement Agreement's

19  terms, Class Members will collect almost two million dollars in recovery from the Settlement Fund.

20  As explained, the individual recovery is well within the range of plausible outcomes at trial, and has

21  increased value given that Class Members will be able to collect far sooner than if litigation continued.

22  And, Class Members' reactions to the Settlement have been overwhelmingly positive.

23                     **c. The Class Notice Complied with Rule 23 and This Court's Order**

24      Under Federal Rule of Civil Procedure 23(e), this Court must "direct notice in a reasonable

25  manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). Rule

26  23(c)(2) prescribes that reasonable notice is "the best notice that is practicable under the

27  circumstances, including individual notice to all members who can be identified through reasonable

28  effort. The notice may be by one or more of the following: United States mail, electronic means, or

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 8

1    other appropriate means. The notice must clearly and concisely state in plain, easily understood

2    language: (i) the nature of the action; (ii) the definitions of the class certified; (iii) the class claims,

3    issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the

4    member so desires; (v) that the court will exclude from the class any member who requests exclusion;

5    (vi) the time and manner for requesting exclusion; and (vii)  the binding effect of a class judgment on

6    members under Rule 23(c)(3)."

7        This Court approved the proposed notice plan in its Preliminary Approval Order (ECF 79 ¶¶ 8-

8    12), and the Settlement Administrator, under the supervision of Class Counsel, has executed the plan

9    in accordance with the provisions therein. The Affidavit of Noah Fiori, an analyst at American Legal

10   Claims Services, LLC, the Settlement Administrator, filed concurrently herewith details (i) the method

11   of providing notice to Class Members in accordance with the Settlement Agreement and this Court's

12   Preliminary Approval Order; (ii) creation and maintenance of the settlement website; and (ii) the

13   receipt and processing of claim forms, all in adherence to the Court's Order. (*See* Ex. 2.)

14       In short, following the receipt of the class list from the County, the Settlement Administrator used

15   the National Change of Address System and a national address location service to find updated

16   addresses for Class Members and increase mail deliverability. (*Id.* ¶¶ 4,5.) On September 28, 2022,

17   the Settlement Administrator sent 240 Notices to Class Members – the Settlement Administrator could

18   not locate four Class Members and therefore could not send them Notices. (*Id.* ¶ 6.) And on November

19   10, 2022, the Settlement Administrator sent 251 reminder postcards to all "likely addresses" found for

20   Class Members. (*Id.* ¶¶ 11.) Class Counsel also called Class Members to inform them of the

21   Settlement. (Ex. 3 ¶¶ 23-24.)

22       The mailed Notices complies with Rule 23(c)(2)(i)-(vii). It describes the nature and status of the

23   litigation; sets forth the relevant class definition; states the class claims and issues; states that a Class

24   Member may enter an appearance through an attorney if the Class Member so desires; discloses the

25   right of Class Members to seek exclusion from the Settlement Class or to object to the proposed

26   settlement, as well as the deadlines for doing so; and warns of the binding effect of the settlement

27   approval proceedings on people who remain in the Settlement Class. (*Id.* ¶ 6.)  In addition, the Notices

28   describe the terms of the proposed Settlement and provide contact information for Class Counsel, as

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 9

1   well as identifying the fee that they propose to request from this Court. (*Id.*) The Notices also disclose

2   the time and place of the Fairness Hearing and the procedures for commenting on the Settlement and/or

3   appearing at the hearing. (*Id.*) Finally, the Notices provided links to Spanish and Vietnamese

4   translations of the Notices and instructions written in Spanish and Vietnamese. (*Id.*)

5       The Settlement Administrator also established a settlement website that provides general

6   settlement information and contains downloadable versions of court documents and the Claim Form,

7   key case deadlines, contact information for Class Counsel, and translated versions of the Notices. (*Id.*

8   ¶¶ 4,5, 8.) Class Members are also able to file claims on the website. (*Id.*)

9       The deadline for requesting exclusion from or filing objections to the Settlement was November

10  27, 2022. (ECF 79 ¶¶ 14-15.) No objections to or requests for exclusions were filed with this Court or

11  received by the Settlement Administrator before the deadline. (*See* Ex. 2 ¶¶ 14-15.)

12      The notice plan previously approved by this Court, and implemented by the Settlement

13  Administrator, satisfies the requirements of Rule 23.

14  **III.     THE REQUESTED ATTORNEYS' FEES AND SERVICE AWARD SHOULD BE
            APPROVED**

15

16          **a.  The Requested Attorneys' Fees and Expenses are Reasonable**

17      In deciding whether a requested fee amount is appropriate, this Court's role is to determine whether

18  such amount is "fundamentally 'fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938,

19  963 (9th Cir. 2003) (quoting Fed. R. Civ. P. 23(e)). In the Ninth Circuit, district courts have the

20  discretion to choose either the percentage-of-the-fund or the lodestar method in evaluating a request

21  for attorneys' fees. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth

22  Circuit "has established 25% of the common fund as a benchmark award for attorney fees." *Staton*,

23  327 F.3d at 968. Under either method of calculation, Class Counsel's request is reasonable.

24      First, Class Counsel and the County negotiated the agreed-upon attorneys' fees and expenses

25  award with the assistance of Magistrate Judge Beeler (Ex. 3 ¶ 15), entitling it to a presumption of

26  reasonableness. Moreover, these negotiations happened only after the parties had already agreed that

27  a sum of $1.98 million would be allocated to pay Class Members (*id.* ¶ 16), meaning that the negotiated

28  attorneys' fees and expenses award had no bearing on the amount of class recovery.

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 10

Moreover, the requested award is modest and substantially less than the 25% benchmark established by the Ninth Circuit and commensurate to Class Counsel's entitlement under the lodestar method. The parties agreed to a maximum fee of $395,000.00, which is less than 17 percent of the Settlement Fund ($2,375,000.00). Class Counsel's award will, however, be less than that amount. The parties also agreed that settlement administration costs (up to $50,000.00) and Named Plaintiff's service award payment (up to $20,000.00) will be deducted from the sum allocated to cover attorneys' fees and expenses. Therefore, if this Court approves the full amount requested for the service award and settlement administration (and the funds allocated for settlement administration are exhausted), Class Counsel's fee recovery will be $325,0000.00, or 14 percent of the Settlement Fund.[3] Class Counsel's award will therefore be between $325,000.00 and $395,0000.00, or 14 to 17 percent of the Settlement Fund. Either way, the award is substantially lower than Ninth Circuit's 25 percent benchmark (which is $593,750.00 in this case) for a reasonable fee award. *See Staton*, 327 F.3d at 968.

Finally, Class Counsel's requested award commensurate to what they would have been entitled to if the award was calculated using the lodestar method. As detailed in the accompanying declaration, Class Counsel expended a total of 504 hours on this litigation, for a lodestar total of $308,229.50. (Ex. 3 ¶ 19.) Additionally, Class Counsel has incurred $2,530.52 in expenses during this litigation. (*Id.* ¶ 21.) Class Counsel will continue to accrue hours working on this litigation during the year-long Claim's Period and complying with the provisions of the Settlement Agreement. (*Id.* ¶ 22.) Class Counsel therefore expects their final lodestar to be higher than the requested award.

### b.  Named Plaintiff's Service Award Request is Reasonable

"[Service] awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958 (citations omitted). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Id.* at 958-59. In

---

[3] If the Motion is granted, Class Counsel will seek immediate disbursement of this amount plus the difference between the amount requested for Named Plaintiff's service award and the amount approved. Class Counsel will wait until the end of the Claims Period to seek disbursement of any funds allocated towards but not spent on settlement administration.

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 11

1    determining the reasonableness of an award, "[t]he district court must evaluate [the Named Plaintiff's]
2    award[], using relevant factors including the actions the plaintiff has taken to protect the interests of
3    the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time
4    and effort the plaintiff expended in pursuing the litigation . . . ." *Staton*, 327 F.3d at 977 (citations and
5    alterations omitted).

6        Here, the Parties have agreed to – and Class Counsel seeks – a $20,000.00 service award for the
7    sole class representative, Dylan Camarlinghi. At the preliminary approval hearing, this Court
8    expressed skepticism as to the reasonableness of this amount because Mr. Camarlinghi did not have
9    to expend significant time and effort participating in this litigation. While this is true, the other factors
10    strongly support a significant service award.

11        Mr. Camarlinghi is the ultimate private attorney general. He disregarded serious and continuing
12    risk in order to vindicate the rights of the Class he represents. Mr. Camarlinghi was initially reluctant
13    to participate in this case because of the likelihood that it would be publicized. He was concerned that
14    if that happened – and it has, *see, e.g.*, Robert Salonga, *Santa Clara County: $2.4 Million Settles Class-*
15    *Action Lawsuit from Uncharged People Kept in Jail*, Mercury News (Oct. 20, 2022)[4] – people,
16    including friends, family, and prospective employers, would know that he was arrested and
17    incarcerated at the Jail, which could significantly damage his reputation and cause him to lose future
18    employment opportunities. This risk was significant for Mr. Camarlinghi because aside from the arrest
19    and detention underlying this lawsuit – for which he was never criminally charged – he has a spotless
20    criminal record. But, now, since he chose to participate in this litigation to vindicate the rights of
21    others, a quick internet search of his name reveals that he has been arrested.

22        Furthermore, Class Counsel might not have been able to bring this case but for Mr. Camarlinghi
23    stepping up and assuming the reputational risks. (ECF 75-5 at 4.) Because Class Members were not
24    aware of key facts underlying their injury – namely, when the DA declined prosecution in their case
25    – and this information was not publicly available, Class Counsel experienced tremendous difficulty

26    _____

27       [4] https://www.mercurynews.com/2022/10/20/santa-clara-county-2-4-million-settles-class-action-
28    lawsuit-from-uncharged-people-kept-in-jail/.

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 12

1  identifying Class Members during their investigation and at several points thought they would not be

2  able to file this case and seek justice for the Class. (*Id.*) Class Members therefore owe their substantial

3  recoveries to Mr. Camarlinghi's willingness to be the sole class representative prosecuting this case.

4  *Cf. Staton*, 327 F.3d at 977 (courts should factor "the degree to which the class has benefitted from"

5  the class representatives' actions in determining the reasonableness of an award).

6      Finally, the service award ($20,000.00), represents less than one percent of the settlement fund.

7  Courts have approved service awards of $20,000.00, as requested here, even where the common fund

8  was substantially lower, meaning that the service award constituted a higher percentage of the common

9  fund. *See, e.g.*, *Ross v. U.S. Bank Nat'l Ass'n*, 2010 WL 3833922, at *3 (N.D.Cal. Sept. 29, 2010)

10  (approving an award of $20,000.00 to each of four named plaintiffs where the settlement fund was

11  $1,050,000.00, based on their contributions to the litigation and the risk that being a class

12  representative would harm their reputation). The requested service award is reasonable.

13          c.  **Settlement Administration Costs are Reasonable**

14      The Settlement Administrator estimates that it will cost about $17,000.00 through the

15  disbursement of settlement awards for its administration of the Settlement. This estimate primarily

16  includes the costs of mailing the Class Notice and Claim Form to all Settlement Class Members, as

17  well as reminder mailings; establishing and maintaining a settlement website; collecting and

18  processing claim forms; calculating and distributing the individual settlement payments; tax reporting;

19  providing necessary reports and declarations; and performing other tasks required by the Settlement

20  Agreement, by agreement of the parties, or that this Court orders.

21      Class Counsel has allocated an additional $33,000.00 to cover the costs of hiring either an

22  investigator, paralegal, or to further retain the Settlement Administrator to perform a deep search for

23  each non-responsive Class Member. The deep search process will include sending additional letters,

24  calling, texting, and in-person outreach to locate Class Members.

25  **IV.    CONCLUSION**

26      The Parties have reached a comprehensive agreement that is fair, reasonable, and adequate, and

27  warrants this Court's approval. As such, and for the foregoing reasons, Named Plaintiff respectfully

28  requests that this Court: (1) grant final approval of the Settlement; (2) approve Plaintiff's request for

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 13

1   attorneys' fees and costs of $325,000.00; (3) approve a $20,000.00 service award; and (4) approve up

2   to $50,000 in settlement administration costs.

3

4   DATED this 28th day of November 2022.          Respectfully submitted,

5                                                        /s/

6                                                  A. Dami Animashaun
                                                   Rachel Lederman
7                                                  Lucy B. Bansal
                                                   Janet Herold
8
                                                   *Counsel for Plaintiff Dylan Camarlinghi*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Camarlinghi v. Santa Clara County, et al.*, 21-cv-03020-EJD (LB)
Memorandum in Support of Motion for Final Approval of Class Action Settlement;
Attorneys' Fees and Expenses; and Service Award - 14