UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DYLAN CAMARLINGHI,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY,<br><br>Defendant. | Case No.  5:21-cv-03020-EJD<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND EXPENSES, AND SERVICE AWARD**<br><br>Re: ECF No. 81 |

The Court previously granted a motion for preliminary approval of the Class Action Settlement between Plaintiff Dylan Camarlinghi and Defendant Santa Clara County on September 6, 2022. ECF No. 79. On November 28, 2022, Plaintiff filed his unopposed Motion for Final Approval of Proposed Class Action Settlement and indicated that no class member had objected to or opted out of the settlement. ECF No. 81. On December 15, 2022, the Court held a hearing and heard arguments from the parties.

Having considered the motion briefing, the terms of the settlement agreement, the objections and response thereto, the arguments of counsel, and the other matters on file in this action, the Court GRANTS the motion for final approval. The Court finds the settlement to be fair, adequate, and reasonable. The provisional appointments of the class representative and class counsel are confirmed.

Plaintiff's requests for attorneys' fees, expenses, and an incentive award are GRANTED. The Court ORDERS that class counsel shall be paid $325,000.00 in attorneys' fees and expenses, and the named Plaintiff Dylan Camarlinghi shall be paid a $20,000.00 incentive award.

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1

## I. BACKGROUND

### A. Procedural History

Plaintiff filed the putative class action complaint on April 26, 2021, against Defendant Santa Clara County, alleging that Defendant violated his constitutional rights—and those of others similarly situated—by failing to release him and others within a reasonable period of time after the district attorney declined to prosecute them. ECF No. 1. Plaintiff's Complaint asserts two § 1983 claims for violations of his substantive and procedural due process rights. *Id.*

The parties reached an early settlement prior to class certification after multiple settlement conferences with Magistrate Judge Laurel Beeler. The Class Settlement Agreement and General Release ("Settlement Agreement"), attached hereto as **Exhibit A**, defines the class as two Subclasses, as follows:

> "Settlement Subclass I" means all persons (i) detained at the Jail from 12 to up to 24 hours after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018 and April 26, 2021;
>
> "Settlement Subclass II" means all persons (i) detained at the Jail for 24 hours or longer after the Santa Clara DA declined prosecution; and (ii) for whom no holds, warrants, or other reasons justified their continued detention at the time the DA declined prosecution; and (iii) where such circumstances occurred between April 26, 2018 and April 26, 2021.

(collectively, the "Settlement Class").

In its preliminary approval order, the Court conditionally certified the Settlement Class and appointed Akeeb Dami Animashaun, Janet Marie Herold, Lucy Brierly Bansal, and Rachel Lederman as Class Counsel. The Court also appointed American Legal Claim Services, LLC as the Settlement Administrator. ECF No. 79 ¶¶ 3, 11.

### B. Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, Defendant will pay $2,375,000.00 into a non-reversionary settlement fund without admitting liability. This amount includes the cost of class notice and settlement administration, the class representative's incentive award, attorneys' fees and costs, and valid claims from Settlement Class members. Settlement Agreement § 3.2.1.

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
2

### 1. Attorneys' Fees and Costs

The Settlement Agreement allocated $395,000.00 to pay attorneys' fees and expenses, class administration costs, and an incentive award. Of this amount, a maximum of $50,000.00 was allocated to cover settlement administration costs; $20,000.00 was requested as an incentive award for Plaintiff; and the remainder would be allocated to Class Counsel for any and all attorneys' fees, costs, and expenses. Settlement Agreement § 3.2.3.

### 2. Class Relief

After deductions from the common fund for fees, costs, and the incentive award, approximately $1,980,000.00 (84%) will remain to be distributed among the participating class members. Class members will be paid according to their Settlement Subclass for each hour of compensable detention. Members of Settlement Subclass I will receive $250.00 for each hour of detention from 12 up to 24 hours; members of Settlement Subclass II will receive $250.00 for each hour of detention from 12 to 24 hours and $295.00 for each hour of detention over 24 hours. Settlement Agreement § 3.2.4.

In exchange for the settlement awards, class members will release claims against Defendant as set forth in the Settlement Agreement at Section 6.0.

### 3. *Cy Pres* / Residual Funds

The Settlement Agreement provides that, if the settlement fund is not exhausted by the end of the claims period, the remaining funds will be distributed pursuant to the *cy pres* doctrine. The residual funds distributed to charitable organization by *cy pres* will be distributed to non-profit community-based organizations that are in and perform most of their work in Santa Clara County for the purpose of providing reentry or related services to individuals in the County.

At the final approval hearing, the parties did not identify any *cy pres* recipients but represented that they would meet-and-confer at least 90 days before the end of the claims period regarding the redistribution of residual funds or designation of a *cy pres* recipient. The parties have agreed that the Court shall retain jurisdiction with respect to *cy pres*.

### C. Class Notice and Claims Administration

The Settlement Agreement is being administered by American Legal Claims, LLC. Following the Court's preliminary approval and conditional certification of the settlement, the Settlement Administrator mailed 240 class action notices to class members in English with instructions in Spanish and Vietnamese to direct those speakers to a Spanish and Vietnamese version of the notice online. Decl. Noah Fiori ("Fiori Decl.") ¶ 6, ECF No. 81-2. The Settlement Administrator used the National Change of Address System and a national location service to find addresses for all class members, which was successful for all but four class members who were not sent notices. *Id.* ¶ 7.

The Settlement Administrator also established a settlement website at www.santaclaraoverdetention.com. This website contains the settlement notices in English, Spanish, and Vietnamese; procedures for class members to submit claims, object to the settlement, or opt out of the settlement; contact information for the claim administrator and Class Counsel; and the Settlement Agreement. *Id.* ¶ 8.

As of November 28, 2022, the Settlement Administrator has received a total of 73 completed claim forms. Class members were given until November 27, 2022, to object or opt out of the Settlement Agreement, and no objections or requests to opt-out were received. *Id.* ¶¶ 14-15.

## II. FINAL APPROVAL OF SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court must balance a number of factors to gauge fairness and adequacy, including the following: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the

reaction of the class members to the proposed settlement." *Churchill Village, L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Furthermore, class settlements reached prior to formal class certification require a "heightened fairness inquiry." *In re Apple Inc. Device Performance Litig.*, 50 F.4th 769, 783 (9th Cir. 2022) (quoting *Roes, 1-2 v. SFBSC Mgmt., LLC*, 944 F.3d 1035, 1049 (9th Cir. 2019)). When reviewing such a pre-certification settlement, the district court must not only explore the *Churchill* factors but also "look[] for and scrutinize[] any subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect the negotiations." *Roes*, 944 F.3d at 1043 (internal quotation marks omitted).

B.  Analysis

1.  **The Settlement Class Meets the Prerequisites for Certification.**

As an initial matter, the Court affirms the bases for the conditional class certification in the Court's preliminary approval order per the prerequisites in Rule 23(a).

With respect to numerosity under Rule 23(a)(1), the Settlement Class includes 244 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact or law common to the class," though "[e]ven single common question of law or fact that resolves a central issue will be sufficient to satisfy this mandatory requirement." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 728 (9th Cir. 2020). The focus of this action—excessive detention after a decision not to prosecute—is common to all class members.

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiff and members of the Settlement Class were all detainees who were not released within a reasonable time after the district attorney declined prosecution, making Plaintiff's claims typical of class members.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between Plaintiff and the members of the Settlement Class. Compl. ¶ 70. Class Counsel have also

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
5

1   demonstrated that they are experienced class action litigators with expertise litigating complex
2   civil rights cases and, therefore, adequate to represent the Settlement Class.  ECF No. 76-5.

3   The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate
4   and "a class action is superior to other available methods for fairly and efficiently adjudicating"
5   the claims here.  The claims for each class member turned on the Defendant's policies, practices,
6   and customs.  Here, members of the class will recover $250 to $295 for each hour they were
7   detained beyond twelve hours.

8   Based on the foregoing, the Settlement Class satisfies the pre-requisites of Rule 23.

### 2. Adequate Notice Was Provided.

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).  The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Apple Device Performance*, 50 F.4th at 779.  However, "neither Rule 23 nor the Due Process Clause requires actual notice to each individual class member." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1128 (9th Cir. 2017).

The Court found the parties' proposed notice procedures provided the best notice practicable and reasonably calculated to apprise Class members of the settlement and their rights to object or exclude themselves.  ECF No. 79 ¶ 9.

Pursuant to those procedures, the Settlement Administrator performed location services on class members and then mailed 240 class action notices to those identified.  Fiori Decl. ¶¶ 4, 6.  Although 61 notices were initially returned as undelivered, the Settlement Administrator located new likely addresses for those class members and re-mailed the 61 notices, and none of those re-mailed notices were returned.  *Id.* ¶ 10.  The Settlement Administrator also mailed 251 reminder notices in postcard form, of which 21 were returned as undelivered.  *Id.* ¶¶ 11-12.

Based upon the foregoing, the Court finds that the Settlement Class has been provided adequate notice.

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
6

### 3. The Settlement Is Fair and Reasonable.

As to the Rule 23(e)(2) and *Churchill* factors, the Court finds that they indicate the settlement here is fair and reasonable.

The Court finds that both Named Plaintiff Camarlinghi and Class Counsel have adequately represented the class. Despite initially declining to serve as the class representative, Mr. Camarlinghi has since been a model class representative. Decl. A. Dami Animashaun ("Animashaun Decl.) ¶¶ 10-11. He has been in regular communications with Class Counsel, assisted with Counsel's investigation regarding the challenged policies and practices, and attended one of Judge Beeler's settlement conferences with his mother before being excused from the remaining conferences. *Id.* ¶¶ 12-14. The Court has also already recognized the expertise and experience of Class Counsel. *See supra* Section II.B.1; ECF No. 76-5.

Proceeding to trial would have been costly; recovery was not guaranteed; and there was a possibility of protracted appeals. Counsel for both parties are also highly experienced, and this Settlement Agreement appears to have been the product of arm's length and informed negotiations. Once they had identified that an early settlement would be in both of their interests, the parties spent nine months conducting informal discovery and extensive settlement negotiations, including three settlement conferences before Judge Beeler and several informal settlement conferences between themselves. Furthermore, the record does not reflect "any subtle signs that class counsel have allowed pursuit of their own self-interests . . . to infect the negotiations." *Roes*, 944 F.3d at 1043 (internal quotation marks omitted).

The amounts reached by the settlement are also reasonable and adequate, as they exceed the baseline for wrongful imprisonment awards noted in *Limone v. United States*, 497 F. Supp. 2d 143, 243 (D. Mass. 2007). Whereas the figure of $1 million per year of imprisonment cited in *Limone* would come out to approximately $3,608 per day when adjusted for inflation, the class members here would receive nearly double that—a minimum of $6,540 for their first day of excessive detention with additional amounts for subsequent hours in detention. ECF No. 76, at 11. The settlement award structure treats class members equitably relative to each other, as their

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
7

recovery is determined by their hours spent in excessive detention.

Moreover, the actual reaction of the class to the settlement was overwhelmingly positive. The Court received zero objections and opt-outs as of November 27, 2022. "[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation omitted); *see also Churchill Village*, 361 F.3d at 577 (holding that approval of a settlement that received 45 objections and 500 opt-outs out of 90 thousand class members was proper).

After considering the foregoing Rule 23(e)(2) factors and the relevant *Churchill* factors, the Court concludes that the Settlement Agreement is fair, reasonable, and adequate.

### 4.   Certification is Granted and the Settlement is Approved.

After reviewing all required factors, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and certification of the Settlement Class as defined therein to be proper.

### III.   MOTION FOR ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE AWARDS

Attorneys' fees and costs may be awarded in a certified class action under Federal Rule of Civil Procedure 23(h). Such fees must be found "fundamentally fair, adequate, and reasonable" in order to be approved. Fed. R. Civ. P. 23(e); *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). To "avoid abdicating its responsibility to review the agreement for the protection of the class, a district court must carefully assess the reasonableness of a fee amount spelled out in a class action settlement agreement." *Id.* at 963. "[T]he members of the class retain an interest in assuring that the fees to be paid class counsel are not unreasonably high," since unreasonably high fees are a likely indicator that the class has obtained less monetary or injunctive relief than they might otherwise." *Id.* at 964.

Here, the Settlement Agreement allocated $395,000.00 to pay attorneys' fees and expenses, class administration costs, and an incentive award. A maximum of $50,000.00 will be allocated to cover settlement administration costs, $20,000.00 will be awarded to the Named

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

8

1  Plaintiff as an incentive award, and the remainder will be allocated to Class Counsel for all

2  attorneys' fees, costs, and expenses. Settlement Agreement § 3.2.3.

### A. Attorneys' Fees

Although the specifics of the attorneys' fee award will depend on the amounts expended on settlement administration, the requested attorneys' fee award will be at least $325,000.00. Defendants do not oppose the fee request. ECF No. 82.

The Court analyzes an attorneys' fee request based on either the "lodestar" method or a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). The Ninth Circuit encourages courts to use another method as a cross-check in order to avoid a "mechanical or formulaic approach that results in an unreasonable reward." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011) (citing *Vizcaino*, 290 F.3d at 1050–51.)

Under the lodestar approach, a court multiplies the number of hours reasonably expended by the reasonable hourly rate. *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate. A reasonable hourly rate is ordinarily the 'prevailing market rate [] in the relevant community.'"). Under the percentage-of-the-fund method, courts in the Ninth Circuit "typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure." *In re Bluetooth*, 654 F.3d at 942 (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The benchmark should be adjusted when the percentage recovery would be "either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers*, 904 F.2d at 1311. When using the percentage-of-recovery method, courts consider a number of factors, including whether class counsel "'achieved exceptional results for the class,' whether the case was risky for class counsel, whether counsel's performance 'generated benefits beyond the cash settlement fund,' the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
9

litigating the case (*e.g.*, cost, duration, foregoing other work), and whether the case was handled on a contingency basis." *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015). "[T]he most critical factor [in determining appropriate attorney's fee awards] is the degree of success obtained." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).

Under the Settlement Agreement, the attorneys' fee award with be somewhere between $325,000 and $375,000, depending on any remaining funds not spent on settlement administration. Using both the percentage-of-the-fund and the lodestar methods as cross-checks, the Court finds the attorneys' fees sought to be reasonable.

Using the percentage-of-the-fund calculation, the total settlement value is $2,375,000.00. The attorneys' fees requested would come to about 13.6% – 15.8% of this amount and is well below the Ninth Circuit's 25% benchmark, which here would amount to $593,750.00.

Based on the time records submitted by counsel, Plaintiff's lodestar total is $308,229.50. This figure reflects 504 hours across eight attorneys and legal directors, as well as three paralegals and investigators. Animashaun Decl. ¶ 19. The Court finds that the hours claimed were reasonably incurred and that the rates charged are reasonable and commensurate with those charged by attorneys with similar experience in the market. Plaintiff's requested attorneys' fees are quite close to the lodestar, reflecting only a 1.05 to 1.22 multiplier above the lodestar.

Because both the percentage-of-the-fund and lodestar methods yield figures that are close to the actual requested fee amounts, the Court finds an award of attorneys' fees provided in the Settlement Agreement to be fair, reasonable, and adequate.

**B.     Costs Award**

Class counsel is entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). Costs compensable under Rule 23(h) include "nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). Here, class counsel seeks reimbursement for litigation expenses, and provides records documenting those expenses, in the amount of

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
10

$2,530.52.  Animashaun Decl. ¶ 21.  The Court finds this amount reasonable, fair, and adequate.

### C. Incentive Award

The district court must evaluate the Plaintiff's requested award using relevant factors including "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton*, 327 F.3d at 977.  "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958-959 (9th Cir. 2009).  District courts must "scrutiniz[e] all incentive awards to determine whether they destroy the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Although the Court initially expressed some concern regarding the reasonableness of the $20,000 incentive award, the Court finds that this amount is not so unreasonable as to destroy the adequacy of Mr. Camarlinghi's class representation.  Mr. Camarlinghi came forward to represent the interests of 244 others, at significant and likely detriment to himself.  Specifically, the Court recognizes that Mr. Camarlinghi had initially declined to act as class representative despite the inevitable attention that would be—and, in fact, was—drawn to the only arrest on his otherwise spotless criminal record, an arrest for which he was never criminally charged.  Animashaun Decl. ¶¶ 6, 11.  However, upon Class Counsel's renewed request, he assumed the role after he learned that Class Counsel could not locate another candidate for class representative and the case likely could not be filed without his involvement.  *Id.* ¶¶ 8-11.  Despite his initial reluctance, Mr. Camarlinghi has since been a model class representative—he regularly corresponded with Class Counsel, assisted with Counsel's investigations, and participated in a settlement conference before Judge Beeler.  *Id.* ¶¶ 12-14.  Although Mr. Camarlinghi's detention is now a matter of public record, the Court hopes that he recognizes and can be proud of the important civil role he played in our justice system by representing a class whose rights may otherwise have gone unaddressed.

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
11

1   Because the laws are not self-enforcing, it is appropriate to give incentives to those who come forward at personal risk and who work to achieve a settlement that confers substantial benefits on others.  The Court finds that the $20,000 incentive award is reasonable to compensate Mr. Camarlinghi for the reputational risk and injuries he sustained in bringing the action and to recognize his willingness to act as a private attorney general of a somewhat reticent class.  Thus, the Court approves the requested incentive award of $20,000.00 for Plaintiff Dylan Camarlinghi.

## IV. CONCLUSION

Based upon the foregoing, the Motion for Final Approval of Proposed Class Action Settlement is GRANTED.  The motion relating to the allocation of the $395,000.00 for attorneys' fees, costs, and the incentive award is GRANTED, as follows:

- Class Counsel is awarded $2,530.52 in litigation costs;
- Plaintiff Dylan Camarlinghi is granted an incentive award of $20,000.00; and,
- Following payment of a maximum of $50,000 for settlement administration costs, Class Counsel is awarded the remainder as attorneys' fees.

Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement, including the designation of a *cy pres* recipient should the need arise.

The parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements no later than October 2, 2023.

**IT IS SO ORDERED.**

Dated: December 16, 2022

EDWARD J. DAVILA
United States District Judge

Case No.: 5:21-cv-03020-EJD
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT
12